## In re HORNSEY.
### Patent Appeal No. 2687.

Court of Customs and Patent Appeals.
April 22, 1931.

Edward W. Shepard, of Washington, D. C. (Usina & Rauber, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The application in this appeal relates to a process of reducing iron oxide materials to metallic iron, and involves the consideration of three claims, 2, 56 and 57, of which claim 2 is illustrative and reads as follows:
"2. The process of reducing iron oxide materials to metallic iron without melting, which consists in first heating the ore in a state of division in an internally heated inclined rotating cylinder to approximately the temperature of reaction, in discharging the heated ore into a second, reducing, inclined rotating cylinder, introducing fuel into said second cylinder, and also introducing solid carbonaceous material in a state of division into the second cylinder near the inlet end thereof at a place whereby said material is entrained with the ore and moves therewith and whereby nascent gases are liberated in situ, passing the gases from the second cylinder into the first and burning them to effect the internal heating referred to, and in cooling the product of reduction, at all stages excluding all air save that actually required for the combustion."

The rejection of the three claims by the Examiner was affirmed by the Board of Appeals of the United States Patent Office, and, from the decision of the latter, appeal was taken to this court.

In the Board's decision the following references were listed: Jones, 981,280, January 10, 1911; Rendall, 1,053,436, February 18, 1913; Alford, 1,097,156, May 19, 1914; Jones, 1,174,729, March 7, 1916; Stansfield, 1,403,576, January 17, 1922. Rendall, Alford, and Stansfield were relied upon.

In the method disclosed the ore is first heated in a state of division in an internally heated, inclined, rotary cylinder to approximately the temperature of reduction. The heated ore is then discharged into a second reducing, inclined, rotating cylinder into which last-named cylinder is introduced fuel by a pipe, and also into the last-named cylinder is introduced solid carbonaceous material in a state of division, which material is coal or coke finely pulverized. The gases generated in the second cylinder during the reducing process are passed upwardly through a chute into the first cylinder, and these gases are then mixed with additional fuel and are burned to effect the internal heating of the first cylinder. The product of the reduction is cooled in a third cylinder. During the process all air is excluded save that which is necessary for combustion.

The claims were rejected on the patent to Rendall for the reason that no patentable invention would be involved in substituting a solid carbonaceous reducing agent for that part of the gaseous reducing agent in Rendall, the solid reducing agent being well known and old in the art as shown by Alford and Stansfield. The claims were also rejected on the ground that there was no in-

912

vention in substituting the reduction of Stansfield in the process of Rendall.

Appellant admits in his brief that "the separate elements of which this combination is composed may be separately found in diverse patents," and cleverly and earnestly argues that this fact constitutes no true anticipation of the combination itself. He argues at length that the substitution which would have to be made by taking one element from one patent and putting it into another could not be made in a successfully operating process, since no desirable results would obtain, and discusses, in detail and with obvious familiarity with the subject, the technical phases of the process under consideration.

The process necessarily involves a consideration of highly technical matters. The Board and the Examiner have given these matters careful consideration, and, notwithstanding appellant's exhaustive treatment of the subject, we are not convinced that the Board's conclusions are wrong. In matters appealed here from the Patent Office, which involve the findings of the experts of the Office on highly technical questions, such findings are given great weight and are only rejected when it is clear that they are erroneous. In re Beswick, 16 App. D. C. 345; In re Demarest, 38 F.(2d) 895, 17 C. C. P. A. 904; In re Wietzel et al., 39 F.(2d) 669, 17 C. C. P. A. 1079.

Since it is admitted that all of the elements of the process are old, we are not prepared to say, contrary to the decision of the Board, that invention resulted from the combination of these old elements. The Board sustained the Examiner in · holding that "there is no invention in substituting the reduction step of Stansfield in the process of Rendall," and the Board states further that: "We see no reason why the Stansfield patent would not suggest the use of solid carbonaceous material as a substitute for the hydrocarbon reducing gas of Rendall if it were found to be of any advantage." And also: " * * * if Stansfield were willing to sacrifice the advantage of effecting partial reduction of his ore in the reducing cylinder as described on page 1, lines 106 to 107, there is no reason why he should not use Rendall's direct preheating system of feeding his carbonaceous material to the reducing cylinder as Rendall does his reducing gas. This mode of feeding is also disclosed in Alford though he uses indirect heating for both cylinders."

With the above-quoted conclusions we are not prepared to disagree.

In arguing that, notwithstanding the fact that the separate elements in his process may be separately found in other patents, this is no true anticipation, appellant relies upon Frederick Co. v. Sanford Riley Co. (C. C. A.) 287 F. 495; In re Champeau, 34 F.(2d) 1012, 1013, 17 C. C. P. A. 568; and Line Material Co. v. Brady Elec. & Mfg. Co. (D. C.) 299 F. 822, 824. Without discussing these authorities at length, we call attention to a quotation from In re Champeau, supra: "But, even though there be nothing novel in the elements combined, if applicant here has, by a combination of known elements, *accomplished a new and usefeul result*, he is entitled to his patent." [Italics ours.]

In Re Appelburg et al., 37 F.(2d) 620, 621, 17 C. C. P. A. 820, we said the following: "Where a given number of elements, which produce a known result when functioning separately, is assembled, and the assembly produces only a combination of the results found in the individual units, no invention is shown." Many other citations of authorities by this court to the same effect might here be enumerated, but the principle is so well settled that we regard this as unnecessary.

Agreeable to the decision of the Board, we conclude that there is nothing inventive in the rejected claims, and its decision is affirmed.

Affirmed.